IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MELVIN CLARK,**

    **Plaintiff,**

vs.

    Case No. 2:24-cv-4069
    Judge Edmund A. Sargus
    Magistrate Judge Elizabeth P. Deavers

**STATE OF OHIO,** *et al.***,**

    **Defendants.**

## INITIAL SCREEN REPORT AND RECOMMENDATION

This matter is before the Court for an initial screen of Plaintiff's Amended Complaint (Compl., ECF No. 8) under 28 U.S.C. §§ 1915(e)(2), and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. For the reasons below, it is **RECOMMENDED** that Plaintiff's Complaint (ECF No. 8)[1] be **DISMISSED** in its entirety.

**I.    STANDARD OF REVIEW**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are

---

[1] The Court considers Plaintiff's first complaint (ECF No. 1-1) and amended complaint (ECF No. 8), which he titled "Combined Complaint," as the operative complaint ("Complaint").

assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[2] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> > (B) the action or appeal--
> >
> > > (i) is frivolous or malicious;
> > >
> > > (ii) fails to state a claim on which relief may be granted; or
> > >
> > > (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B); *Denton*, 504 U.S. at 31. Thus, Section 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, that the action fails to state a claim upon which relief may be granted, or that the action seeks monetary relief against a defendant who is immune from such relief.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Fed. R. Civ. P. 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd*., *P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013) (emphasis in original).

---

[2] Formerly 28 U.S.C. § 1915(d).

2

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits: "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

In addition, when it is evident from the face of the complaint that a court lacks federal jurisdiction, the court may dismiss an action as frivolous and for lack of subject-matter jurisdiction under both 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h)(3). *Williams v. Cincy Urban Apts.*, No. 1:10-cv-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9,

2010) (citing *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)).

## II. ALLEGATIONS IN THE COMPLAINT

Plaintiff, proceeding without the assistance of counsel, brings this action for compensatory damages, "additional damages," punitive damages, and an order vacating and expunging "all related records" pursuant to 18 U.S.C. § 242 (Count I); 42 U.S.C. § 1983 (Count II); and "state law" for assault and intimidation (Count III), theft and fraud (Count IV), and obstruction of justice and sham legal process (Count V). (Compl. at PageID 41–42.) Plaintiff alleges that Defendants Columbus Police Department, Prosecutor John Gripshover, and Judge O'Donell, acting in their official capacities, violated Plaintiff's Second and Fourteenth Amendment rights by arresting and prosecuting him for violating Ohio Revised Code § 2923.16.[3] (*Id.* at PageID 41.)

## III. ANALYSIS

Plaintiff alleges generally, without factual development, that "defendants" or "they" violated his rights. A "[s]ummary reference to a single, five-headed 'Defendant[]' does not support a reasonable inference that each Defendant is liable for [the alleged constitutional violation]." *Boxill v. O'Grady*, 935 F.3d 510, 518 (6th Cir. 2019) (citing *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 564 (6th Cir. 2011)) ("This Court has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate

---

[3] Plaintiff lists the State of Ohio in the caption of his Amended Complaint. Plaintiff, however, does not name the State of Ohio as a party, nor does he include allegations against the State of Ohio. The Court finds that the State of Ohio is not a defendant.

the asserted constitutional right.") (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)). Having noted Plaintiff has utterly failed to plead with particularity any facts that demonstrate what each defendant did to violate a constitutional right, let alone plead facts to support his claim, the Undersigned finds that Plaintiff has failed to state a claim. The Court should dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted on this basis alone. The Court, however, evaluates each of Plaintiff's claims.

    A.        **42 U.S.C. § 1983 Claims**

As an initial matter, Plaintiff is unable to bring a 42 U.S.C. § 1983 ("Section 1983") claim for damages related to his conviction and imprisonment. His claim is incognizable under the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) relating to his request for relief for damages relating to his conviction and/or sentence in state court:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Heck*, 512 U.S. at 486–87. Plaintiff has failed to allege that he has met any of the prerequisites for recovering damages under Section 1983. Moreover, Plaintiff's specific claims against each Defendant fail.

Plaintiff's claims against Defendant Columbus Police Department pursuant to Section 1983 must be dismissed because Defendant Columbus Police Department is not a legal entity capable of being sued. "Police departments are not *sui juris;* they are merely sub-units of the municipalities they serve." *Jones v. Marcum*, 197 F. Supp. 2d 991, 997 (S.D. Ohio 2002) (citing

5

*Williams v. Dayton Police Dep't*, 680 F. Supp. 1075, 1080 (S.D. Ohio 1987)); *Lawson v. City of Youngstown*, 912 F. Supp. 2d 527, 531 (N.D. Ohio 2012) ("Courts have held that under Ohio law police departments and county sheriff's offices are [not] *sui juris* and may not be sued in their own right.") (collecting cases).

Plaintiff's claims against Defendant Prosecutor Gripshover must be dismissed because Defendant Prosecutor Gripshover is entitled to absolute prosecutorial immunity. "[A] state prosecuting attorney who act[s] within the scope of his duties in initiating and pursuing a criminal prosecution" is not amenable to suit under § 1983." *Imbler v. Pachtman,* 424 U.S. 409, 410 (1976). Additionally, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons,* 509 U.S. 259, 273 (1993). As set forth in the allegations in the Complaint, Plaintiff fails to plead that Defendant Prosecutor Gripshover acted outside the scope of his duties.

Plaintiff's claims against Defendant Judge O'Donell must be dismissed because Defendant Judge O'Donell is entitled to absolute judicial immunity. Judicial officers are entitled to absolute immunity from civil liability when acting within the scope of their duties. *See Pierson v. Ray*, 386 U.S. 547, 553–54 (1967); *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citations omitted) (immunity overcome only if actions taken are not within the judge's judicial capacity or if the actions, "though judicial in nature, [are] taken in the complete absence of all jurisdiction"); *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978) ("[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly.") (quoting

6

*Bradley v. Fisher*, 80 U.S. 335, 351 (1872)). A review of Plaintiff's Complaint confirms that he does not plausibly allege any exceptions to the judicial immunity doctrine.

Accordingly, the Undersigned recommends that Plaintiff's Section 1983 claims must be **DISMISSED with prejudice**.

    **B.**    **18 U.S.C. § 242 Claims**

Plaintiff alleges that Defendants violated 18 U.S.C. § 242. To the extent Plaintiff's claims under 18 U.S.C. § 242 are distinct from his Section 1983 claims, they are barred. "18 U.S.C. § 242 is a criminal statute and Plaintiff has no private right of action thereunder." *McConaughy v. Felton*, No. 2:21-CV-3927, 2021 WL 3288114, at *2 (S.D. Ohio Aug. 2, 2021). For these reasons, the Undersigned recommends that all of Plaintiff's claims pursuant to 18 U.S.C. § 242 should be **DISMISSED with prejudice**.

    **C.**    **Supplemental Jurisdiction**

Although unclear, the Court assumes Plaintiff alleges violations of Ohio state law in Counts III-V. The Undersigned recommends that the Court decline to exercise jurisdiction over those claims. Under 28 U.S.C. § 1367, the Court may decline to exercise supplemental jurisdiction when the Court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The United States Court of Appeals for the Sixth Circuit has held that "[i]f the federal claims are dismissed before trial, the state claims generally should be dismissed as well." *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (internal quotations omitted). The Undersigned recommends that the Court decline to exercise supplemental jurisdiction over Plaintiff's purported state law claims and **DISMISS without prejudice** those claims.

    **D.**    **Miscellaneous Relief**

Plaintiff requests several forms of relief without legal bases and factual allegations. Plaintiff seeks declaratory and injunctive relief without any explanation, and requests that the

Court vacate his conviction and "expunge all related records." (Compl. at PageID 40, 42.) "The proper instruments to challenge a plaintiff's criminal conviction are a direct appeal, a state post-conviction relief motion, or a petition for a federal writ of habeas corpus." *Wilson v. O'Hair*, No. CV 22-11622, 2023 WL 36063, at *3 (E.D. Mich. Jan. 4, 2023).

The Undersigned recommends that Plaintiff's request for declaratory and injunctive relief be **DENIED without prejudice** for failure to state a claim. The Undersigned further recommends that Plaintiff's requests regarding his conviction and expungement be **DENIED** because Plaintiff has filed a Petition for Writ of Habeas Corpus in a separate lawsuit based on the same facts alleged in this case.[4]

## IV. CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's Complaint (ECF No. 8) be **DISMISSED** in its entirety pursuant to 28 U.S.C. § 1915(e)(2). The Undersigned **RECOMMENDS** that Plaintiff's Motions for Summary Judgment be **DENIED as moot**.

It is **FURTHER RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within 14 days, file and serve on all parties any objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in

---

[4] *Clark v. Franklin County Probation Department*, Case No. 2:24-cv-04179, Southern District of Ohio.

question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within 14 days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to de novo review of by the District Judge and waiver of the right to appeal the judgment of the District Court. Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**IT IS SO ORDERED.**


**DATD: February 3, 2025**
*/s/ Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**

9