UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MELVIN CLARK,**

    **Plaintiff,**

v.

**STATE OF OHIO,** *et al.***,**

    **Defendants.**

Case No. 2:24-cv-4069
Judge Edmund A. Sargus, Jr.
Magistrate Judge Elizabeth P. Deavers

**OPINION AND ORDER**

This matter is before the Court on the February 3, 2025 Report and Recommendation issued by the Magistrate Judge. (R&R, ECF No. 18.) For the reasons stated in this Opinion and Order, the Court **ADOPTS** and **AFFIRMS** the Magistrate Judge's Report and Recommendation. (ECF No. 18.)

I.   Background

Plaintiff Melvin Clark filed a Complaint (Compl., ECF No. 1-1) and moved for leave to amend the Complaint (ECF No. 4). The Court granted him leave to amend (ECF No. 5), and Mr. Clark filed an Amended Complaint. (Am. Compl., ECF No. 8.) He then twice filed a "combined complaint" (ECF Nos. 12, 16), which the Court struck for failure to seek leave of Court as required by Federal Rule of Civil Procedure 15(a)(2) (ECF Nos. 15, 17). The Amended Complaint is the operative complaint.

Mr. Clark alleges that he was arrested and charged with improper handling of a firearm in a motor vehicle under Ohio Revised Code § 2923.16 in July 2020 after an officer "alleged Plaintiff smelled of marijuana and found a firearm under his vehicle seat without a warrant." (ECF No. 8, ¶ 5.) He states that Defendants Columbus Police Department, Franklin County Assistant

Prosecutor John Gripshover, and Franklin County Court of Common Pleas Judge Colleen O'Donnell, in their official capacities, deprived him of his constitutional rights by arresting, booking, and detaining him on the firearm charge. (*Id.* ¶¶ 4, 6.) Mr. Clark claims Defendants violated his Second Amendment right to bear arms and his Fourteenth Amendment due process rights and that his case should have been dismissed under Ohio's "constitutional carry" law and the U.S. Supreme Court's decision in *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). (ECF No. 8, ¶¶ 6–10.)

## II.  Identification of Defendants and Claims

Mr. Clark brings five claims: violation of constitutional rights under 18 U.S.C. § 242 (Count I); violation of constitutional rights under 42 U.S.C. § 1983 (Count II); state law assault and intimidation (Count III); state law theft and fraud (Count IV); and state law obstruction of justice and sham legal process (Count V).

In the caption of the Amended Complaint, Mr. Clark names the State of Ohio, the Columbus Police Department, and Franklin County Assistant Prosecutor John Gripshover as Defendants. (ECF No. 8, PageID 40.) But in the body of the complaint, Mr. Clark only names the Columbus Police Department, Mr. Gripshover, and Judge O'Donnell.

Under Rule 10(a) of the Federal Rules of Civil Procedure, "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). Interpreting this rule in cases where the caption does not align with the allegations in the body of the complaint, courts have taken various approaches. *See Burley v. Quiroga*, No. 16-cv-10712, 2019 WL 4316499, at *14–21 (E.D. Mich. June 6, 2019) (collecting cases about when a person becomes a party under Rule 10 and related principles of law), *report and recommendation adopted*, 2019 WL 3334810 (E.D. Mich. July 25, 2019). Because the Court determines below that the claims against Judge O'Donnell should be dismissed,

2

the Court assumes without deciding that Judge O'Donnell was properly named as a defendant despite being left out of the case caption.

### III. Report and Recommendation and Objections

After screening the Amended Complaint under 28 U.S.C. § 1915A, the Magistrate Judge recommended that the Court dismiss Mr. Clark's claims on several grounds. (ECF No. 18, PageID 81–85.) First, Mr. Clark failed to allege with particularity any facts that demonstrate what each defendant did to violate a constitutional right. (*Id.* PageID 82.) Second, Mr. Clark is barred from bringing a 42 U.S.C. § 1983 claim for damages related to his conviction and imprisonment in state court under *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). (*Id.*) Third, the Columbus Police Department is not an entity that can be sued because it is a sub-unit of the City of Columbus. (*Id.*) Fourth, Mr. Gripshover and Judge O'Donnell are entitled to absolute immunity. (*Id.* PageID 83.) Fifth, Mr. Clark cannot bring a private action under 18 U.S.C. § 242. (*Id.* PageID 84.) Sixth, the Court should decline to exercise supplemental jurisdiction over the state law claims. (*Id.*)

Additionally, the Magistrate Judge recommended that the Court deny Mr. Clark's miscellaneous requests for relief, such as to vacate his conviction and expunge relate court records, because the proper instrument to challenge a conviction is a direct appeal, a state post-conviction relief petition, or a petition for a federal writ of habeas corpus. (*Id.* PageID 85.) Accordingly, the Magistrate Judge recommended that the Court dismiss Mr. Clark's federal claims under 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted.

Mr. Clark filed two objections. First, he objected to the Court's order (ECF No. 15) striking his "combined complaint" (ECF No. 12) for failure to seek leave of Court. (First Obj., ECF No. 19.) It appears Mr. Clark misunderstood the Court's order. The Court granted leave to amend the complaint (ECF No. 5), and Mr. Clark then filed the Amended Complaint (ECF No. 8). The Court

3

struck his later-filed complaints, for which Mr. Clark did not seek leave to amend. (ECF Nos. 15, 17.) Mr. Clark's First Objection fails to recognize that he did not seek leave to amend the complaint after the Amended Complaint. Accordingly, Mr. Clark's First Objection is **OVERRULED**. (ECF No. 19.)

Second, Mr. Clark moved for leave to file a Second Objection. (ECF No. 20.) The Court **GRANTS** Mr. Clark leave to file the Second Objection because it is responsive to the Report and Recommendation and was filed before the objection deadline. (*Id.*) In the Second Objection, Mr. Clark opposes the Magistrate Judge's recommendation to dismiss his claims. (Second Obj., ECF No. 20-1, PageID 95.) He argues that the Magistrate Judge failed to recognize that he has a valid claim under the Second Amendment to the U.S. Constitution and erroneously concluded that Judge O'Donnell is entitled to absolute immunity. (*Id.* PageID 96–97.) Mr. Clark further objects to the recommendation that the Columbus Police Department is not a proper party and asserts that he can bring a claim against it under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) and that the City of Columbus is on notice that it is being sued. (*Id.* PageID 97–98.)

**IV. Analysis**

A litigant who is the subject of an adverse report and recommendation from a magistrate judge is entitled to *de novo* review of those portions of the report to which proper objections are made. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Mr. Clark's argument regarding the validity of his Second Amendment claim is not responsive to the Magistrate Judge's reasoning about why his federal constitutional claims cannot proceed. Additionally, Mr. Clark does not object to the Magistrate Judge's conclusion that his

4

claim for damages is barred by *Heck v. Humphrey*, 512 U.S. 477 or that Mr. Gripshover is entitled to absolute immunity.

Mr. Clark objects to the conclusion that Judge O'Donnell is entitled to absolute immunity, arguing that she acted without jurisdiction by enforcing an unconstitutional criminal law. (ECF No. 20-1, PageID 97.) Substantively, Mr. Clark refutes Judge O'Donnell's immunity by challenging the validity of his conviction. As the Magistrate Judge explained without objection, "[t]he proper instruments to challenge a plaintiff's criminal conviction are a direct appeal, a state post-conviction relief motion, or a petition for a federal writ of habeas corpus." *Wilson v. O'Hair*, No. CV 22-11622, 2023 WL 36063, at *3 (E.D. Mich. Jan. 4, 2023); (ECF No 18, PageID 85.) Furthermore, as also explained without objection, Mr. Clark's § 1983 claim for damages is barred under *Heck v. Humphrey*, 512 U.S. at 486–87 because he failed to allege that his conviction or sentence has been invalidated. (ECF No. 18, PageID 82.) Regardless of Judge O'Donnell's absolute immunity from suit, Mr. Clark's § 1983 claim for damages is not a proper way to challenge the validity of his conviction or to seek the miscellaneous relief he requests.

Additionally, Mr. Clark argues that his § 1983 claim against the Columbus Police Department should continue as a *Monell* claim against the City of Columbus and that the City of Columbus can be substituted as the proper party under Federal Rule of Civil Procedure 15(c) because it is on notice of the claim. (ECF No. 20-1, PageID 97–98.) But Mr. Clark ultimately seeks monetary relief for his claim against the Columbus Police Department and asks the Court to vacate and expunge his criminal conviction. For the same reasons stated above, even if the City of Columbus was substituted as the proper party, Mr. Clark's claims are barred under *Heck v. Humphrey* and are not a proper means to challenge the validity of his conviction.

Because Mr. Clark did not object to the Magistrate Judge's other conclusions and

recommendations, he has waived *de novo* determination of those issues. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); *see also United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).

### V. Conclusion

For the reasons stated in this Opinion and Order, the Court **OVERRULES** Mr. Clark's Objection (ECF No. 19), **GRANTS** Mr. Clark's Motion for Leave to File Amended Objection (ECF No. 20), and **OVERRULES** Mr. Clark's Second Objection (ECF No. 20-1). The Magistrate Judge's Report and Recommendation is **ADOPTED** and **AFFIRMED**. (ECF No. 18.) The Court **DISMISSES WITH PREJUDICE** Mr. Clark's claims under 18 U.S.C. § 242 (Count I) and under 42 U.S.C. § 1983 (Count II). The Court **DECLINES** to exercise supplemental jurisdiction over Mr. Clark's state law claims (Counts III, IV, and V), and those claims are **DISMISSED WITHOUT PREJUDICE**. The Court **DENIES as moot** Mr. Clark's Motion for Summary Judgment (ECF No. 10) and Second Motion Summary Judgment (ECF No. 13).

Pursuant to 28 U.S.C. § 1915(a)(3), the Court **CERTIFIES** that any appeal of this Opinion and Order would not be taken in good faith, and Mr. Clark is therefore denied leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610–11 (6th Cir. 1997).

The Clerk is **DIRECTED** to enter judgment, to terminate this case on the Court's docket, and to mail a copy of this Opinion and Order to Melvin Clark at 765 Brookwood Drive, Forest Park, GA 30297.

IT IS SO ORDERED.

**4/9/2025**                                 **s/Edmund A. Sargus, Jr.**
**DATE**                                     **EDMUND A. SARGUS, JR.**
                                            **UNITED STATES DISTRICT JUDGE**